176 So.2d 113 (1965)
Edward A. BLACK, Appellant,
v.
Paul FRANK, Appellee.
No. G-144.
District Court of Appeal of Florida. First District.
June 8, 1965.
*114 James E. Joanos, of Dye & Joanos, Tallahassee, for appellant.
Julius Parker and J. Klein Wigginton, of Parker, Foster & Madigan, Tallahassee, for appellee.
STURGIS, Chief Judge.
The appellant, Edward A. Black, who with one Kenneth Frisbie was defendant below, seeks reversal of a final judgment recovered by appellee, Paul Frank, plaintiff below, in an action at law for breach of contract, the pertinent provisions of which are incorporated in a letter of instructions addressed to Tallahassee Bank and Trust Company, as escrow agent, and noted by the bank's trust officer as follows: "Copy received and escrow accepted." The document is formally signed and sealed by the plaintiff, Paul Frank, designated therein as "Seller", and by Kenneth Frisbie and appellant Edward A. Black, designated as "Purchasers", in the presence of two witnesses who sign as such.
The complaint charged, in substance, that on June 13, 1962, plaintiff sold to defendants Frisbie and Black all of the stock of Magnolia Restaurants, Inc. (evidenced by two stock certificates for 25 shares each) for the purchase price of $34,000.00, which stock was placed in escrow for delivery to said defendants upon payment of the agreed purchase price, as stated by said letter of instructions, as follows: $2,000.00 in cash; $2,000.00 within 30 days after the date of sale; the assumption by defendants of the $15,025.38 balance of a mortgage given by Magnolia Restaurants, Inc., to one Kenneth L. Faiver; the assumption by defendants of $3,257.50 accounts payable of Magnolia Restaurants, Inc.; the assumption by defendants of a $3,800.00 balance on a note of Magnolia Restaurants, Inc., in favor of The Tallahassee Bank and Trust Company; and following the discharge of said note to the bank, the payment to said bank for the account of plaintiff of $7,917.12, payable at the rate of $150.00 per month together with interest at 7% per annum.
The complaint further charged that defendants had defaulted in payment of the sums required to be paid as aforesaid, and that plaintiff was thereupon entitled to recover the above mentioned item of $7,917.12, with interest thereon at 7% per annum from June 13, 1962, and in addition thereto $375.00 in reimbursement of the five payments of $75.00 paid by plaintiff to the bank on account of the note in its favor, which payments were necessary because of the default of defendant Kenneth Frisbie to pay his one-half part of the $150.00 monthly payments due to said bank on said note and/or because of the failure of defendant Black to pay in full said $150.00 monthly payments to said bank upon the indebtedness due it in accordance with the joint and several obligations of defendants Frisbie and Black in the premises.
*115 Defendant Black's motion to dismiss the complaint for failure to state a cause of action was denied, and he thereupon filed an answer admitting the sale by plaintiff to defendants of said corporate stock for the price and upon the terms and conditions alleged by the complaint, denying that he had failed to make payments to the bank as required by the sales agreement, and denying the other material allegations of the complaint except that he admitted making payments of $75.00 per month to the bank on account of the note in its favor.
The cause was submitted to the trial court without a jury and judgment was entered for plaintiff against defendants in the following amounts: $7,917.12 principal and $1,117.64 interest payable to plaintiff pursuant to the original agreement to purchase the assets of Magnolia Restaurants, Inc.; $900.00 on account of payments theretofore made by plaintiff to The Tallahassee Bank and Trust Company on account of the note in favor of said bank, which the defendants had assumed and agreed to pay; the sum of $938.25 for the unpaid balance of said note in favor of The Tallahassee Bank and Trust Company (originally in the principal amount of $3,800.00); the total of the judgment being $10,873.01.
Appellant asserts two grounds for reversal: (1) That it was error to award money damages because the sales agreement embraced in the letter of instructions specifically provided that upon default in payment of the purchase price the plaintiff-seller would be entitled to return of the stock certificates delivered in escrow to the bank for delivery to the defendant-purchasers upon performance, and that said provision operated to limit plaintiff to that relief for the breach of contract. (2) That inasmuch as appellant remained liable to the bank for the $938.25 balance of the promissory note in its favor, on which the plaintiff was liable as accommodation endorser, it was error to include that item as a part of the judgment entered against appellant. We find no merit in either of these contentions.
The letter of instructions clearly sets forth the purchase contract between plaintiff and defendants. It contains no provision limiting the relief available to the plaintiff-seller in the event of default of the defendant-purchasers. Parties may stipulate by contract what the consequences of a breach shall be, and such stipulation, if reasonable, is controlling and excludes other consequences (17 Am.Jur.2d, Contracts, § 522, p. 1009; Dillard Homes, Inc. v. Carroll, Fla.App. 1963, 152 So.2d 738); but it is well established that absent such stipulation the party aggrieved may elect to pursue any remedy which the law affords. Plaintiff was entitled to pursue the remedy he elected by the filing of this suit.
It does not appear that appellant took any steps to have the bank brought in as a necessary party or, indeed, that the subject of his second contention was in any manner presented to the trial court for disposition. Under the circumstances, we will not entertain the notion that upon a proper showing in an appropriate proceeding relief would not be afforded to the appellant in the premises.
Finding no error, the judgment appealed is
Affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.