413 So.2d 842 (1982)
Alan GREENSTEIN and Cindy Greenstein, Appellants,
v.
GREENBROOK, LTD., and Florida Housing Capital Corporation, Appellees.
Nos. 81-1253, 81-1254.
District Court of Appeal of Florida, Third District.
May 11, 1982.
*843 George, Hartz & McNary, Miami, Amy Shield Levine, Boca Raton, for appellants.
Finley, Kumble, Wagner, Heine & Underberg and Phyllis K. Harte, Miami, for appellees.
Before HENDRY and PEARSON, DANIEL and FERGUSON, JJ.
FERGUSON, Judge.
Cindy and Alan Greenstein appeal from Orders of Final Judgment of Dismissal and Final Summary Judgment entered on their Complaint for Specific Performance of a contract to build and deliver title to a home. By this appeal the Greensteins seek to have declared unconscionable and unenforceable a provision in the contract which excludes specific performance as a remedy in the event of default.[1]
By terms of the contract the selling price of the home to be built was $81,990.00. The Greensteins, as required, made a deposit of $8,199.00 (10%) and secured mortgage financing for the balance. In March, 1980, with construction of the home 75% complete, GREENBROOK, LTD. halted construction and defaulted allegedly because of financial difficulties. The Greensteins, given a choice of terminating the contract and receiving their deposit back or paying $24,000.00 in addition to the original contract price in order for construction of their home to be completed, chose to file suit for specific performance under the original contract.
On entering summary judgment for GREENBROOK, LTD. on the suit by Greenstein for specific performance, the trial court found:
... there is no material issue of fact in dispute, and that the Defendant, GREENBROOK, LTD., defaulted on the contract by reason of circumstances beyond its control and within the meaning of the ... contract.[2] ... that the Plaintiffs received a proper and full refund check[3] that paragraph 10 of the ... contract is not unconscionable as a matter of law... .
This court has recently upheld as valid a provision in a real estate sales contract excluding specific performance as a remedy. Sun Bank of Miami v. Lester, 404 So.2d 141 (Fla. 3d DCA 1981). We are aware of no other Florida case where a party sought specific performance as a remedy for breach of contract, where the contract expressly excluded such a remedy. In Dillard Homes, Inc. v. Carroll, 152 So.2d 738 (Fla. 3d DCA 1963), a case of first impression in the state, this court held that where a contract fixed the deposit as liquidated *844 damages in the event of a default by Purchaser, retention of the deposit by the Seller would be the exclusive remedy and Seller would be denied specific performance. It seems clear from the cases that the courts of this state will uphold any limitation of remedy provision in a contract, which limitation is mutual, unequivocal and reasonable. See, e.g., Black v. Frank, 176 So.2d 113 (Fla. 1st DCA 1965) (upholding provision limiting relief available for breach of contract to the return of capital stock). Here, the parties agreed that specific performance would not be available to either side as a remedy in the event of default, and there being no showing that the agreement is unreasonable, the Final Summary Judgment and Final Judgment of Dismissal entered herein are
AFFIRMED.[4]
NOTES
[1] The provision reads:

DEFAULT. In the event of a default by a Seller, Purchaser shall be entitled to a full refund of all monies theretofor paid to Seller in full and complete settlement of all claims against Seller. In the event of a default by Purchaser, Seller shall retain all monies theretofor paid by Purchaser as liquidated and agreed upon damages since the amount of actual damages sustained by Seller is incapable of ascertainment. This provision has been specifically agreed upon by the parties because a default on the part of Purchaser would have adverse financial effects upon Seller as a result of increased costs, expenses and fees having been incurred by Seller and by its having lost the opportunity to sell the Property to other purchasers. Neither party, regardless of which shall be in default, shall be entitled to specific performance of the Contract. (emphasis added).
[2] Whether the breach by Seller was in bad faith remains a disputed issue of fact and should not have been disposed of by the court within the Summary Judgment.
[3] Appellants respond that the deposit check, without interest, was tendered to them in settlement, as liquidated damages, but was refused.
[4] In this suit for specific performance, we have not decided whether Purchaser, in an action for damages upon Seller's default, would be limited to the return of his deposit, where Seller's default was shown to be in bad faith. Cf. Sperling v. Davie, 41 So.2d 318 (Fla. 1949) (court would not restrict Purchaser to recovery of amount paid, where breach was solely the result of bad faith on the part of the Sellers).