476 So.2d 1300 (1985)
CLONE, INC., Appellant/Cross-Appellee,
v.
Robert ORR, Jr., et al., Appellees/Cross-Appellants.
No. 84-918.
District Court of Appeal of Florida, Fifth District.
September 5, 1985.
Rehearing Denied October 24, 1985.
*1301 Edgar M. Dunn, Jr., P.A. of Dunn, Smith, Withers & Hart, Daytona Beach, for appellant/cross-appellee.
William L. Ross, Jr., New Smyrna Beach, for appellees/cross-appellants.
ORFINGER, Judge.
The developer of a condominium project appeals from a final judgment entered after a non-jury trial, awarding damages to a contract purchaser of a condominium unit after the developer defaulted by selling the unit to someone else for a higher price. The purchaser cross-appeals, contending that additional damages should have been awarded. We affirm the judgment.
On May 17, 1982, John E. Scofield as purchaser, and Clone, Inc. as developer, executed a purchase agreement for Unit 404 in Club Oceana, a condominium then under development for a purchase price of $150,000 which price was to include a $7,500 furniture package. Scofield deposited $15,000 in escrow pursuant to the terms of the agreement. The evidence supports the purchaser's allegation that this deposit (and similar pre-construction deposits) assisted the developer in securing construction financing. The agreement permitted assignment, and it was subsequently assigned to appellees. On August 23, 1983, when construction was completed, the developer sold Unit 404 to another purchaser for $160,000, unfurnished. Appellees brought this action alternatively for specific performance[1] and damages.
The principal dispute arises out of the interpretation and effect of paragraph 15 of the purchase agreement which provides as follows:
DEVELOPER'S DEFAULT. Except as otherwise provided by Chapter 718, Florida Statutes, the parties understand and agree that Developer's sole liability and obligation to the Purchaser in the event of Developer's default or breach of any of the terms and provisions hereof shall be limited to the return of Purchaser's deposits made hereunder, with any interest earned to date of payment. No action for specific performance of this Agreement shall lie in favor or either party. [Emphasis added].
The developer insists that the agreement is nothing more than an option on its part to sell the unit; that it may determine not to sell for any reason, in which case, under paragraph 15, its only obligation is to return the purchaser's deposit, which it did in this case.
The trial court disagreed (as does the appellee) holding in its final judgment:
4. The Court further finds that paragraph 15 of the contract is ambiguous, such ambiguity being caused by the initial phrase "Except as otherwise provided by Chapter 718, Florida Statutes." If it was not for such phrase the language would be clear and result sellor's [sic] promise being illusory and preventing the instrument from becoming a binding contract since the purchaser would have not received any consideration for his promise to buy as sellor [sic] promised in effect to sell only if he wanted. However because of the phrase quoted above the Court finds the terms ambiguous since Chapter 718, Florida Statutes, contemplates a binding contract and therefore subjects this paragraph to the Court's interpretation.
5. The Court finds by the clear weight of the evidence that the parties intended to have a binding contract and that the limitation of damages in paragraph 15 applies only when the sellor [sic] in good faith cannot comply because the development was never completed.
*1302 We agree with the trial court that, but for the reference in the default provision to Chapter 718 of the statutes, the "agreement" would not be a binding contract because it would obligate the developer to nothing and allow it to refuse to sell for any or no reason without liability for such refusal other than to return to the purchaser that which is rightfully his. It is clear that if we accept the appellant's argument, the "contract" is nothing more than an option to sell.
Chapter 718, Florida Statutes (1981), the applicable statute here, makes numerous references to "contracts" for sale, or agreements for purchase and sale. Section 718.202 refers to "contracts" for sale prior to construction. Section 718.502 requires a developer of a residential condominium to file with the division (Division of Florida Land Sales and Condominiums) one copy of each of the documents required to be furnished to a buyer under section 718.503, and provides that prior to such filing, a contract for sale shall be voidable at the option of the purchaser. Section 718.503(1) requires that contracts for sale of a unit must contain legends designated by that section, and the agreement here contains those required legends.[2]
Clearly then, the statute requires a "contract" between the developer and a purchaser. The concept of a contract is well recognized in the law. It is a legal relationship which contemplates an agreement enforceable at law between two or more parties for the doing or not doing of a specific act. A contract must create legal obligations. Kislak v. Kreedian, 95 So.2d 510 (Fla. 1957). Because the default provision incorporates the terms of Chapter 718, the agreement cannot be construed as an option, but must be construed as a contract, as required by the statute.
In Sperling v. Davie, 41 So.2d 318 (Fla. 1949) Walton contracted to sell certain property to Davie for $5,000 upon specified conditions. Among other things, the contract provided that if the purchaser defaulted, the seller would retain the $500 deposit as liquidated damages, but if the title was found unmarketable and was not made marketable within a reasonable time, the deposit would be returned to the buyer unless he accepted faulty title. Before closing, Walton signed another contract agreeing to sell the property to Sperling, the appellant, for $6,000 with a deposit of $1,000. In unsuccessfully defending the suit for specific performance, appellants argued that their only obligation was to return to Davie his deposit. In rejecting this argument, the supreme court said:
The appellants have posed four questions. The first of these challenges the court's decree that the original contract be enforced because, it is urged, the liability which should attach in the event of a breach of contract by either party was stated in the instrument itself, where it was provided in effect that if the purchaser failed to comply with its terms by a certain date the down payment of $500 should be retained by the sellers, while if the sellers should fail to comply, this amount should be returned. As we understand the appellants' argument in support of this position, it simply means that for the remedy of specific performance, which might otherwise be available to the buyer in the event of a breach of contract by the sellers, there would be substituted the remedy of recovering that which he had paid. This seems to us to come perilously close to arguing that the sellers, after entering into a solemn agreement, could glibly dishonor it and restrict the buyer to regaining what was in practical effect already his, inasmuch as the transaction was not consummated and the sellers were therefore not entitled to the money. [Emphasis in original].
Id. at 320.
A contract provision similar to that in the case before us was involved in the case of *1303 Ocean Dunes of Hutchinson Island Development Corp. v. Colangelo, 463 So.2d 437 (Fla. 4th DCA 1985). There, the clause dealing with default by developer provided that in such case, "Purchaser's only remedy shall be to terminate this agreement, whereupon the deposit shall be refunded to purchaser and all rights and obligations hereunder shall thereupon become null and void." In upholding the trial court's ruling that the contractual provision did not preclude the remedy of specific performance, the court said:
There is no question that parties to a contract may agree to limit their respective remedies and that those remedies need not be the same. [Citations omitted]. Such contractual provisions, however, must be reasonable to be enforced. As the court said in Black v. Frank, 176 So.2d 113 (Fla. 1st DCA 1965):
Parties may stipulate by contract what the consequences of a breach shall be and such stipulation, if reasonable, is controlling and excludes other consequences. [emphasis added]
The court in Greenstein v. Greenbrook, Ltd., 413 So.2d 842 (Fla. 3d DCA 1982), reiterated this concept:
It seems clear from the cases that the courts of this state will uphold any limitation of remedy provision in a contract, which limitation is mutual, unequivocal and reasonable. See, e.g., Black v. Frank, 176 So.2d 113 (Fla. 1st DCA 1965). [emphasis added]

Id. at 844.
There is nothing reasonable about the foregoing default provisions. In this contract, the seller's obligations are wholly illusory, while the buyers' are quite real. The developer can opt to sell the unit to any new buyer willing to pay a higher price than the existing contract price, or even fail to show title to be vested in the developer as required by paragraph 5 of the Agreement, with absolutely no harmful consequences; the developer must only return the buyer's own money. A return of one's own money hardly constitutes damages in any meaningful sense. It is especially unconscionable in this case in light of the buyers' deprivation of the use of their money for several years. [Emphasis in original].
Id at 439-440.
There is nothing reasonable about the interpretation which appellant places on the default provision here. To interpret this agreement as insisted on by appellant would not only make it illusory, but it would be unconscionable and unfair. Certainly it would not provide the protection to a condominium purchaser to which the statute clearly entitles him and which he has a right to expect.
The trial court correctly measured the plaintiffs' damages by the difference between the market price of the property at the time of the breach (as measured by the price for which it was sold) and the plaintiffs' contract price. Key v. Alexander, 91 Fla. 975, 108 So. 883 (1926). We find no merit to the appellee's arguments on cross-appeal.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] The trial court dismissed the count for specific performance based on the language of paragraph 15 of the agreement, on the authority of Greenstein v. Greenbrook, Ltd., 413 So.2d 842 (Fla. 3d DCA 1982) and Sun Bank of Miami v. Lester, 404 So.2d 141 (Fla. 3d DCA 1981). This ruling has not been appealed.
[2] The evidence in this case reflects that the documents were filed with the division, as required by law, and were apparently approved. It surprises us to learn that the division would approve a contract form that might even be susceptible to the interpretation that the developer was not bound by the obligations he purports to undertake in the agreement.