493 So.2d 1061 (1986)
ELLER & COMPANY, INC., Appellant,
v.
GALAPAGOS LINE, S.A. and Assuranceforeningen Gard, Appellees.
No. 85-2126.
District Court of Appeal of Florida, Third District.
August 12, 1986.
Rehearing Denied October 1, 1986.
Smathers & Thompson and Fernando S. Aran, for appellant.
*1062 Fowler, White, Burnett, Hurley, Banick & Strickroot and Charles G. DeLeo, for appellee Assuranceforeningen Gard.
No appearance for appellee Galapagos Line, S.A.
Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
Defendant Eller & Company, Inc. (Eller) appeals a final judgment finding it liable for the loss of two tractor blades pursuant to the claims of plaintiffs Galapagos Line, S.A. (Galapagos) and Assuranceforeningen Gard for misrepresentation, breach of warranty and breach of bailment.
The blades disappeared sometime after they had been placed at rest at the Port of Miami by Eller pursuant to a stevedoring agreement it had with Galapagos. The agreement contained various provisions limiting Eller's liability. It provided Eller "shall not be liable, directly or indirectly, for loss, costs (including attorney's fees), damage, injury, death or delay unless caused in whole or in part by negligence of [Eller], its employees or agents. Such liability shall be as a stevedore and not as a bailee." The contract further provided that there were "no express or implied warranties."
It is well settled that clauses in contracts limiting liability are valid and enforceable provided the intention to limit liability is made clear in the contract. See Elgie & Company v. S.S. "S.A. Nederburg", 599 F.2d 1177 (2d Cir.1979), cert. denied, 444 U.S. 1072, 100 S.Ct. 1016, 62 L.Ed.2d 753 (1980); Insurance Company of North America v. Avis Rent-a-Car System, Inc., 348 So.2d 1149 (Fla. 1977); Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972).
Since the agreement in the instant case specifically provided that there were no express or implied warranties and that Eller shall not be liable as a bailee, Galapagos and its insurer Assuranceforeningen Gard may not enforce a claim against Eller for either breach of warranty or breach of bailment for the loss of the blades. Further, we find no merit in Galapagos' and its insurer's misrepresentation claim as no evidence of any misrepresentation by Eller was presented to the trial court.
Accordingly, the final judgment appealed is reversed.
Reversed.