PER CURIAM.
Judge Walden adopted appellant’s argument that the amount of damages awarded was excessive because appellee would have had to pay fifty-five percent of the combined contract prices as expenses.
Appellee contracted to provide security alarm services for appellant. The amount of each contract for monitoring the three locations of appellant’s music stores was $4,080. The contract amount for monitoring appellant-owner’s residence was $960. Appellant concedes that each contract contains a liquidated damages clause providing after notice of nonpayment, “the entire remaining balance of the initial term or any extension thereof shall become immediately due and payable.” Appellant made no payments after terminating appel-lee’s services.
The trial court made the following awards as liquidated damages: $6,801.28 on the two contracts with Doc’s Junkie Musick, Inc., $3,530.64 on the contract with Doc’s Junkie Music, Too, Inc., and $896.24 on the contract with appellant-owner.
Appellant’s argument does not take into consideration that the initial expenses incurred by appellee in purchasing the accounts from a third party were to be spread over the five year term of the various contracts. In addition, appellee is entitled to its lost profits.
Parties to a contract may stipulate as to what the consequences of a breach shall be and if the stipulation is reasonable, it will control and exclude all other consequences. Hatcher v. Panama City Nursing Center, Inc., 461 So.2d 288, 290 (Fla. 1st DCA 1985). In deciding whether a liquidated damages clause is proper, a court should determine if the damages by their very nature were uncertain at the time of contracting and not excessive or unreasonable. Hawk’s Cay Investors v. Brandy Marine, 524 So.2d 681, 683 (Fla. 4th DCA 1988).
We find the awards are in keeping with the foregoing principles and the well settled rule that liquidated damages should bear a reasonable relationship to the contract price. Hooper v. Breneman, 417 So.2d 315, 317 (Fla. 5th DCA 1982).
GLICKSTEIN and GARRETT, JJ., concur.
WALDEN, J., dissents with opinion.