PER CURIAM.
Dade County appeals from an order of final summary judgment entered for Wors-ham Brothers Co., Inc., et al. [Worsham], in a breach of contract action. For the following reasons, we reverse and remand.
In July, 1985, Dade County entered into a Ground Lease and Agreement for Development (the “Agreement”) for the construction of a passenger port facility at the Port of Miami with Worsham. Under the Agreement, as amended, Worsham was required to commence construction of the port facilities by March 1, 1987. Failure to commence construction on time constituted default. The agreement further provided at section 6.9 that “[notwithstanding remedies that may otherwise be available to the County upon an Event of Default ..., the County shall be limited to the remedy of terminating this lease if construction of the Port Facilities is not commenced by Janu *1108 ary 10, 1986,[1] and upon such termination neither party shall have any further liability to the other party.”
On March 5, 1987, the County terminated the Agreement alleging failure to commence construction on or before March 1, 1987. Thereafter, Arquitectónica International Corp. sued Worsham for services rendered in connection with the port project. Worsham filed a third-party complaint against the County alleging, inter alia, that the County intentionally caused delays so that construction could not be commenced on time. In addition, Worsham alleged that the above “limitation of remedies” language in the Agreement was unreasonable. The County counterclaimed and cross-claimed against Worsham seeking damages for breach of contract.
Both sides moved for summary judgment on their respective pleadings. The trial court granted Worsham’s motion, determining that the County’s only remedy was termination of the contract. The County’s motion was denied.
It is well settled that courts of this state will uphold any limitation of remedy or liability provision in a contract as long as the limitation is mutual, unequivocal and reasonable. See Eller & Co., Inc. v. Galapagos Line, S.A., 493 So.2d 1061 (Fla. 3d DCA 1986), rev. denied sub nom, Assuranceforeningen Gard v. Eller & Co., Inc., 504 So.2d 766 (Fla. 1987); Greenstein v. Greenbrook, Ltd., 413 So.2d 842 (Fla. 3d DCA 1982). Here, the parties expressly agreed that upon termination of the agreement “neither party shall have further liability to the other party." Under normal circumstances, the above provision would apply equally to both sides. However, if the County was at fault for preventing Worsham from commencing construction on time,[2] we will not restrict Worsham to the limitations provision of section 6.9. See Sperling v. Davie, 41 So.2d 318 (Fla.1949) (court would not restrict purchaser to recovery of amount paid, where breach solely the result of seller’s bad faith).
In entering final summary judgment, the trial court has precluded the County from enforcing the contractual limitations provision against Worsham. However, because we find that the limitations provision is enforceable against Worsham unless the County was at fault for the nonperformance and because the record discloses genuine issues of material fact on this issue, entry of summary judgment was error.
Accordingly, the final summary judgment is reversed and the cause remanded for further proceedings consistent with this opinion. If on remand the County is found to have acted in good faith, section 6.9 of the Agreement shall apply equally to all parties.
Reversed and remanded for further proceedings.

. The Agreement was amended on November 11, 1986, extending the construction commencement date until March 1, 1987.

. The County has an implied obligation not to hinder or obstruct Worsham’s performance. See Gulf Am. Land Corp. v. Wain, 166 So.2d 763 (Fla. 3d DCA 1964); Champagne-Webber, Inc. v. City of Ft. Lauderdale, 519 So.2d 696 (Fla. 4th DCA 1988).