571 So.2d 488 (1990)
IDEVCO, INC., Petitioner,
v.
Kyle B. HOBAUGH and Helen M. Hobaugh, His Wife, Respondents.
No. 90-01532.
District Court of Appeal of Florida, Second District.
August 31, 1990.
Rehearing Denied September 24, 1990.
Thomas C. Little, Clearwater, for petitioner.
George A. Routh, Clearwater, for respondents.
PER CURIAM.
IDEVCO, Inc., petitions for a writ of certiorari to quash an order of the circuit court sitting in its appellate capacity. The order on review reversed a county court judgment which had allowed IDEVCO, as *489 the seller of a condominium, to retain the Hobaughs' deposit when they failed to purchase the condominium. We deny the petition.
On August 29, 1986, the parties entered into a condominium purchase agreement for which the Hobaughs gave IDEVCO a $3,330 deposit. Pursuant to chapter 718, Florida Statutes, the agreement advised the Hobaughs of their right to rescind the purchase within fifteen days of execution. Paragraphs six and seven of an addendum to the purchase agreement contained the following default provisions:
6. Default by Seller.

(a) If the Seller fails to or is unable to deliver good, marketable and/or insurable title to the Property, the Purchaser shall be entitled, on demand, subject to the provisions of Paragraph 3 of this Addendum, to the return of all sums paid as deposits hereunder as its sole and exclusive remedy. Upon the return of said sums, the Seller shall be released and relieved of any further monetary liability to Purchaser and this Agreement shall become null and void and of no further force and effect.
(b) Seller shall not be liable for monetary damages to the Purchaser as a result of Seller's failure, for any reason, to close pursuant to this Agreement, but rather Seller's sole liability for monetary damages shall be the return to the Purchaser of the deposits or sums paid to Seller pursuant to this Agreement.
7. Default by Purchaser.

If Purchaser fails to perform any of the covenants and obligations made by him or any of the terms and provisions of this Agreement required by him to be performed or fails to execute and deliver any instrument required by Seller or otherwise fails to comply with any of the requirements on the part of the Purchaser to be performed hereunder, the SELLER MAY DECLARE THIS AGREEMENT TERMINATED AND RETAIN ALL MONIES PAID HEREUNDER AS LIQUIDATED AND AGREED UPON DAMAGES SINCE THE AMOUNT OF ACTUAL DAMAGES IS INCAPABLE OF ASCERTAINMENT. THIS PROVISION HAS BEEN SPECIFICALLY AGREED UPON BY THE PARTIES BECAUSE A DEFAULT ON THE PART OF THE PURCHASER WOULD HAVE SERIOUS ADVERSE FINANCIAL EFFECTS UPON THE SELLER, AS A RESULT OF INCREASED COSTS, EXPENSES AND FEES HAVING BEEN INCURRED BY SELLER, AND BY ITS HAVING LOST THE OPPORTUNITY TO SELL THE APARTMENT TO OTHER PROSPECTIVE PURCHASERS.
On August 28, 1986, the day prior to the execution of the purchase agreement, the parties entered into a lease agreement for the same condominium. It appears from a reading of both agreements that the parties contemplated a lease-purchase arrangement. An addendum to the lease provided that if the Hobaughs did not close on the purchase agreement, then their last month's rent and security deposit given for the lease would be subtracted from their initial deposit given for the purchase agreement before that amount was refunded.
The Hobaughs filed a complaint in the county court in October 1987 seeking damages in the amount of their initial deposit under the purchase agreement. The Hobaughs admitted that they did not rescind the purchase agreement within the contractual or statutory fifteen-day period, and that they failed to close under the agreement. At the bench trial, they contended that they were entitled to damages because the default provisions in the purchase agreement were void for lack of mutuality of remedy. The county court judge was concerned that if he ruled in favor of the Hobaughs, then IDEVCO should be allowed to present evidence of actual damages. The Hobaughs objected on the ground that IDEVCO had elected to seek damages pursuant to the contract and should not be allowed to prove actual damages in the event the contract was found to be void.
The county court ultimately issued a final judgment in favor of IDEVCO, and the Hobaughs appealed to the circuit court. The circuit court reversed the judgment, holding that the default provisions of the *490 purchase agreement were void for lack of mutuality of remedies. The circuit court remanded the matter to the county court with directions to enforce the liquidated damages provision in the lease agreement. IDEVCO then filed the present petition for writ of certiorari in which it contends that the circuit court departed from the essential requirements of the law in (1) holding that the default provisions were void and (2) in limiting its remedy to the liquidated damages provision in the lease agreement, i.e., the security deposit and last month's rent.
The circuit court correctly held that the default provisions of the purchase agreement were void for lack of mutuality of remedy, and thus, the Hobaughs were entitled to the return of their deposit, even though they breached the agreement. See Clone, Inc. v. Orr, 476 So.2d 1300 (Fla. 5th DCA 1985); Terraces of Boca Assocs. v. Gladstein, 543 So.2d 1303 (Fla. 4th DCA 1989). Cf. Lefemine v. Baron, 556 So.2d 1160 (Fla. 4th DCA), jurisdiction accepted, 564 So.2d 487 (Fla. 1990) (default provisions of condominium purchase agreement were not disparate in remedies available to buyer and seller).
We also conclude that the circuit court did not depart from the essential requirements of law when it limited IDEVCO's remedy for the breach of the purchase agreement to the liquidated damages provided in the lease agreement that the parties executed in connection with the purchase agreement. See International Ship Repair & Marine Serv., Inc. v. General Portland, Inc., 469 So.2d 817 (Fla. 2d DCA), review denied, 479 So.2d 117 (Fla. 1985) ("where two or more documents are executed by the same parties, at or near the same time, in the course of the same transaction, and concern the same subject matter, they will be read and construed together"). Generally, when a default provision of a purchase agreement is invalid or where the agreement fails to contain such a provision, the nondefaulting seller is entitled to prove and recover actual damages. See Clone, Inc., 476 So.2d at 1303. See generally J. Alpert, Florida Law of Damages, § 9-9 (2d ed. 1984). In the present case, however, IDEVCO failed to affirmatively plead an action for actual damages either by compulsory counterclaim or setoff. Although the county court thought that IDEVCO should be allowed to prove damages at trial, IDEVCO elected to enforce the default provision of the purchase agreement, rather than to seek the alternative remedy of actual damages. It was only after the county court raised this issue that IDEVCO attempted to argue that it should be allowed to prove actual damages in mitigation of the Hobaughs' claim for return of the deposit. The Hobaughs strenuously objected to this attempt; therefore, the issue, even if raised as an affirmative defense, was not tried by consent. Accordingly, the circuit court was correct in ruling that IDEVCO could only enforce the liquidated damages provision in the lease agreement.
Petition for writ of certiorari denied.
PARKER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.