PATTERSON, Judge.
This appeal arises from a final summary judgment declaring a contract for the sale of realty to be void for lack of mutuality. We reverse.
On October 9, 1989, Mark E. Weaver (Weaver) contracted with Buccaneer’s Roost Ltd., a Florida limited partnership, *894 (Buccaneer) for the purchase of a commercial condominium unit in Buccaneer’s Colonial Square development. Weaver made a deposit of $23,700 under the contract. The deal failed to close, and on October 5, 1990, Weaver initiated a three-count action seeking the return of his deposit. Count I asserts that Weaver was unable to obtain the financing that the contract was conditioned on, thereby terminating the agreement. Count II seeks a declaratory judgment that the contract is void for lack of mutuality. Count III is an action for rescission based upon an alleged violation of section 718.202, Florida Statutes (1989), which regulates the escrow of deposit monies in condominium sales. The trial court ultimately granted summary judgment in Weaver’s favor based on count II.
The mutuality controversy centered on paragraphs 12 and 13 of the purchase agreement:
12. SELLER’S RIGHT TO CANCEL
A. This Agreement is voidable by Seller by delivering written notice of the Seller’s intention to cancel prior to the sale by Seller of twenty-five (25%) of the land units in the condominium and prior to closing.
B. In the event of cancellation, Buyer’s deposit shall be refunded in full, without interest, this Agreement shall become null and void and the parties hereto will be relieved of all obligations, duties and liabilities hereunder. However, if Buyer is then in default hereunder, the parties’ rights shall be governed by Paragraph 13 hereof.
13. BUYERS’S DEFAULT
Time is of the essence except where otherwise specifically provided for herein. Buyer expressly waives notice of default or breach of any term of this Agreement. Upon Buyer’s default, or breach of any term or condition of this Agreement, all sums paid hereunder by Buyer shall be retained by Seller as liquidated and agreed damages, and the parties hereto shall be relieved from all obligations hereunder. Buyer shall be liable for Seller’s reasonable attorneys’ fees and costs incurred by it by virtue of any litigation as to the parties’ rights under this Agreement, if Seller is the prevailing party. Buyer covenants to defend and indemnify Seller against all claims of real estate brokers and/or salesmen due to acts of Buyer or Buyer’s representatives other than brokers or salesmen employed by Seller.
Weaver successfully argued in the trial court that while paragraph 13 imposes a penalty upon his default, the seller may cancel without penalty under paragraph 12 and only return the buyer’s deposit, without interest. Thus, Weaver argues, the contract denies him a mutual remedy for damages against the seller. In its order granting summary judgment, the trial court cited cases which may be construed to support Weaver’s position.[1]
We are compelled to reverse because it is undisputed that at the time Weaver entered into his contract, the project was wholly or substantially completed and more than twenty-five percent of the units had been sold. Paragraph 12 gives the seller the right to cancel the contract only before the sale of twenty-five percent of the condominium units. In fact, in an earlier draft of the contract, paragraph 12 had been stricken through as being inapplicable. This “strike through,” by scrivener’s error, or otherwise, did not make its way into the final draft. We do not consider this omission to be of consequence because, both as a matter of fact and law, the clause could have no effect on the rights or liabilities of either party at the time the parties entered into the contract. Paragraph 12, therefore, cannot constitute a valid basis to declare the contract void.
We, therefore, reverse and remand with instructions for the trial court to enter judgment in favor of the appellants on count II of the complaint and to proceed on *895 counts I and III, which are yet to be determined on their merits.
Reversed and remanded.
SCHOONOVER, A.C.J., and HALL, J., concur.

. See Hackett v. J.R.L. Dev., Inc., 566 So.2d 601 (Fla. 2d DCA 1990); IDEVCO, Inc. v. Hobaugh, 571 So.2d 488 (Fla. 2d DCA 1990); Terraces of Boca Assocs. v. Gladstein, 543 So.2d 1303 (Fla. 4th DCA 1989).