624 So.2d 352 (1993)
COASTAL COMPUTER CORPORATION, Appellant,
v.
TEAM MANAGEMENT SYSTEMS, INC., Charles Tuttle and Yvonne Tuttle, Appellees.
No. 93-00624.
District Court of Appeal of Florida, Second District.
September 15, 1993.
Kenneth A. Jones and Geri L. Waksler of Peper, Martin, Jensen, Maichel and Hetlage, Ft. Myers, for appellant.
Jeffrey D. Fridkin and Michael A. Feldman, of Mershon Sawyer, Johnston, Dunwody & Cole, Naples, for appellees.
RYDER, Judge.
Coastal Computer Corporation seeks review of a nonfinal order denying its motion for temporary injunction. Coastal sought injunctive relief against Team Management Systems, Inc. and Charles and Yvonne Tuttle (the "Tuttles") based on its employment agreements with the Tuttles that contained noncompetition provisions. The trial court found that these provisions stated the exclusive remedy for their breach, which did not include injunctive relief. It, therefore, denied Coastal's request for temporary injunction. We disagree and reverse.
The parties agreed at the hearing on Coastal's motion that the issue of whether the noncompetition provisions contained an exclusive remedy for breach would be dispositive, if the court ruled that the stated remedy was exclusive. Although there is some argument in the briefs about whether Coastal established a clear legal right to the relief requested, our review of the record leads us to believe that the lower court did not address this issue. Although we reverse the trial court's order, we do not decide whether, under the facts of this case, Coastal is entitled to a temporary injunction. We remand for further proceedings on that issue.
The Tuttles' employment agreements with Coastal both contained the following provision:
If Employee [Mr. or Mrs. Tuttle] leaves the employ of the Employer [Coastal] for any reason, Employee agrees that he [she] will not, for a period of one year, engage in any activity which is in competition with any business activity of the Employer. Violation of this agreement will be cause for forfeiture of any remaining settlement or benefits.
Coastal argues that the last sentence of the provision sets out one remedy for its breach, but does not provide an exclusive remedy. *353 We agree. Parties to a contract may stipulate to what the consequences of a breach of the agreement will be. If the language discloses that the parties intended to limit the remedy to the one stated, the stipulation will be enforced. Dillard Homes, Inc. v. Carroll, 152 So.2d 738 (Fla. 3d DCA 1963). Here, however, the stated remedy does not contain language that limits Coastal's remedy to forfeiture or that states forfeiture will be the exclusive remedy.
Florida cases where courts have construed contractually stated remedies as exclusive have involved contracts containing mandatory or limiting language. See Hatcher v. Panama City Nursing Center, Inc., 461 So.2d 288 (Fla. 1st DCA 1985) (purchaser is limited to the amount of $10,000.00); Greenstein v. Greenbrook, Ltd., 413 So.2d 842 (Fla. 3d DCA 1982) (neither party shall be entitled to specific performance); Dillard Homes, 152 So.2d at 739 (sum shall be retained by the seller as liquidated damages). The wording of the contracts in these cases indicates that their limitation of remedies provisions were "mutual, unequivocal and reasonable." Greenstein, 413 So.2d at 844. We hold that the absence of such wording in the contracts between Coastal and the Tuttles demonstrates that the stated remedy was not intended to be exclusive. In the absence of an exclusive, stipulated remedy, a party may elect to pursue any remedy that the law affords. Black v. Frank, 176 So.2d 113 (Fla. 1st DCA 1965). Section 542.33, Florida Statutes (1991), empowers a court to enforce a noncompetition agreement by injunction.
The portion of the trial court's order denying Coastal's motion for temporary injunction on the grounds that the employment agreements state the exclusive remedy for their breach is reversed. This case is remanded for proceedings consistent with this opinion.
FRANK, C.J., and CAMPBELL, J., concur.