WELLS, Judge.
Contract purchaser Regents Park Investments, LLC, appeals from a final summary judgment following dismissal of its sihgle-count complaint for specific performance of a real estate sales transaction. Because the default provision detailed in the contract for purchase and sale does not limit the remedies available to the purchaser in the event of a default by the seller, the court below erred in concluding that an action for specific performance could not be asserted. See Coastal Computer Corp. v. Team Mgmt. Sys., Inc., 624 So.2d 352, 352-53 (Fla. 2d DCA 1993) (finding that the appellant could “pursue any remedy that the law affords” where the parties’ contract set out one remedy for its breach, but did not also provide that this was an exclusive remedy); Dillard Homes, Inc. v. Carroll, 152 So.2d 738, 739 (Fla. 3d DCA 1963) (confirming that where contract language “discloses that the parties intended to limit [a non-breaching party’s] remedy in the event” of default, remedies other than that provided in the contract, to include specific performance, are precluded).
Accordingly, the judgment entered below is reversed and this matter remanded for further proceedings.