494 So.2d 523 (1986)
Augusto CORTES and Mary Cortes, Appellants,
v.
Victoria C. ADAIR, William E. Adair, Jaime Barrera, Lewis P. Carey and Betty Carey, His Wife, Jointly and Severally, Appellees.
No. 85-1428.
District Court of Appeal of Florida, Third District.
September 23, 1986.
*524 Kenneth N. ReKant, Miami Beach, for appellants.
Donald R. Livingstone, South Miami, Alex E. Carlson, Miami Springs, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
The plaintiff buyers, Augusto and Mary Cortes, brought an action seeking both the rescission of a contract for the sale of real property and the return of their $10,000 deposit. Following a bench trial, the trial court denied relief to the Corteses and entered judgment for the defendants  sellers Lewis and Betty Carey and real estate brokers Victoria and William Adair and Jaime Barrera. The trial court also ordered that the $10,000 deposit paid by the Corteses to the Careys be equally divided, as liquidated damages, between the Careys and their real estate agent, Victoria Adair. The Corteses appeal the denial of their petition for rescission as well as the forfeiture of their $10,000 deposit. Because the liquidated damages clause in the contract is invalid as a matter of law, we reverse that portion of the trial court's final order which awards the $10,000 as liquidated damages to the Careys and Victoria Adair.
The subject contract concerned the sale of real property owned by the Careys. The Corteses, needing a tract of land for the commercial cultivation of roses, entered into an agreement to purchase the Careys' property. The contract contained a clause enumerating the seller's remedies in the event of a breach by the buyer. This default clause provided as follows:
Q. DEFAULT: If buyer fails to perform this contract within the time specified, the deposit paid by buyer may be retained by or for the account of seller as consideration for the execution of this agreement and in full settlement of any claims for damages, and all obligations under this contract or seller at his option may proceed at law or in equity to enforce his legal rights under this contract.
Prior to the closing date, the Corteses discovered features of the land which made it unsuitable for rose growing. The Corteses filed an action for rescission and damages, alleging that they were fraudulently induced into signing the contract by the Careys and the participating real estate brokers. The trial court found no evidence of misrepresentation and consequently entered judgment for the Careys and the brokers. This appeal ensued.
Resolution of this appeal turns on the validity of the default clause, i.e., whether the Careys and Victoria Adair are entitled to retain as liquidated damages the $10,000 deposit paid by the Corteses. This default clause confers the unilateral benefit on the Careys of choosing the avenue of relief following a breach. They may proceed at law for actual damages or in equity for specific performance; or, most attractively, they may simply elect to keep the $10,000 deposit if that amount exceeds actual damages. Such an option is not enforceable as a matter of law. In Pappas v. Deringer, 145 So.2d 770 (Fla. 3d DCA 1962), this court held that a landlord could retain only that portion of a tenant's security deposit which reflected his actual damages. The landlord could not exploit a provision in the lease which operated to make the tenant pay the actual damages or lose the entire security deposit, depending upon which amount would be greater. The rationale behind the court's ruling was that the exercise of such an option by the landlord would destroy the mutuality of the agreement. *525 Id. at 772. Although Pappas involved a landlord-tenant lease, the default clause in the instant land sale contract is similarly defective because of its lack of mutuality.
Accordingly, we affirm the trial court's refusal to rescind the contract but reverse that portion of the final judgment awarding the $10,000 deposit to the Careys and Victoria Adair as liquidated damages.
Affirmed in part, reversed in part, and remanded.