518 So.2d 454 (1988)
DESIGN TIME, INC., a foreign corporation, Appellant/Cross Appellee,
v.
MONCO OF ORLANDO, INC., a Florida Corporation, Appellee/Cross Appellant.
Nos. 87-807, 87-1286.
District Court of Appeal of Florida, Fifth District.
January 14, 1988.
Alfred L. Frith, of Frith, Keating & Brown, P.A., Orlando, for appellant/cross appellee.
James E. Foster and Daniel R. Matthews, of Foster & Kelly, Orlando, for appellee/cross appellant.
UPCHURCH, Chief Judge.
Design Time, Inc., appeals a final judgment awarding Monco of Orlando, Inc., damages in the amount of $28,025.08 and a final order awarding Monco $7,435 in attorney's fees. We reverse.
Design Time agreed to purchase a liminator manufactured by Monco. The written contract provided that the purchase price would be $66,950 payable upon installation and required a deposit of $6,695. The contract also provided:
2... . Default in payment when due shall, at the option of the Seller, render *455 the total purchase price at once due and payable and/or in the alternative, shall entitle the Seller to immediate possession and title of the goods specified herein without legal process and any money theretofore paid herein shall be retained by Seller as liquidated damages. It is expressly understood by Buyer and Seller that this provision for liquidated damages is reasonable and necessary for the protection of Seller. Interest shall accrue on all unpaid amounts at the highest contract rate permitted by the State of Florida. [Emphasis supplied].
Design Time refused to accept delivery. Monco eventually sold the machine to another buyer. In its complaint, Monco sued for the total purchase price less the deposit. The trial court awarded damages of $21,255 plus interest of $28,025.08.
Design Time contends that under section 672.709, Florida Statutes, Monco was clearly not entitled to recover the contract price. This section provides in pertinent part as follows:
Action for the price. 
(1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price:
(a) Of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer; and
(b) Of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price if the circumstances reasonably indicate that such effort will be unavailing.
Because the foregoing section is inapplicable to the particular facts of this case, Design Time contends that Monco reformulated its plan at trial by seeking and attempting to prove its entitlement to lost profits and overhead pursuant to section 672.708(2), Florida Statutes. Section 672.708 provides the following:
Seller's damages for nonacceptance or repudiation. 
(1) Subject to subsection (2) and to the provisions of this chapter with respect to proof of market price (s. 672.723), the measure of damages for nonacceptance or repudiation by the buyer is the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages provided in this chapter (s. 672.710), but less expenses saved in consequence of the buyer's breach.
(2) If the measure of damages provided in subsection (1) is inadequate to put the seller in as good a position as performance would have done then the measure of damages is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages provided in this chapter (s. 672.710), due allowance for costs reasonably incurred and due credit for payments or proceeds of resale. [Emphasis supplied].
In order to prove its entitlement to damages under this section, however, Design Time contends that Monco was required to invalidate the liquidated damages provision provided in its contract. Monco therefore urged the trial court to hold this provision unenforceable as a matter of law in accordance with Cortes v. Adair, 494 So.2d 523 (Fla. 3d DCA 1986).
In Cortes, the plaintiffs filed suit seeking both the rescission of a real estate contract and the return of a $10,000 deposit. The default provision in the contract provided the following:
Q. DEFAULT: If buyer fails to perform this contract within the time specified, the deposit paid by buyer may be retained by or for the account of seller as consideration for the execution of this agreement and in full settlement of any claims for damages, and all obligations under this contract or seller at his option may proceed at law or in equity to enforce his legal rights under this contract. [Emphasis supplied].
*456 Id. at 524. Before closing, the plaintiffs alleged that they had been fraudulently induced to enter into the contract and filed an action for rescission and damages. The trial court disagreed and entered judgment for the defendants. The court refused to rescind the contract and awarded the defendants the plaintiffs' $10,000 deposit as liquidated damages.
The Third District Court of Appeal reversed that portion of the trial court's order awarding the defendants the $10,000 deposit on the basis that the liquidated damages provision was invalid as a matter of law. The court stated:
This default clause confers the unilateral benefit on the [sellers] of choosing the avenue of relief following a breach. They may proceed at law for actual damages or in equity for specific performance; or, most attractively, they may simply elect to keep the $10,000 deposit if that amount exceeds actual damages. Such an option is not enforceable as a matter of law... .
Id. Accordingly, the court affirmed in part, reversed in part and remanded the cause for further proceedings.
Contrary to the court's decision in Cortes, Design Time contends that the trial court erred by allowing Monco to retain its deposit of $6,695 and pursue a claim for lost profits. In addition, because Monco sold the machine to the next customer in line at the original contract price, Design Time contends that Monco has received a windfall. Design Time further argues that such a result is clearly contrary to the doctrine of the election of remedies which prohibits a double recovery. See Villeneuve v. Atlas Yacht Sales, Inc., 483 So.2d 67 (Fla. 4th DCA 1986), app., 505 So.2d 1331 (Fla. 1987).
We conclude that Cortes is inapplicable to the contract in this case. Here Monco had provided, "[d]efault in payment ... shall, at the option of Seller render the ... price at once due and payable and/or shall entitle the Seller to immediate possession and title of the goods ... and any money theretofore herein shall be retained by Seller as liquidated damages." (emphasis added) In Cortes, the seller could retain the deposit or proceed at law or equity to enforce his legal rights.
Where the parties to a contract have agreed to the consequences of a breach, their agreement will control provided the remedy is "mutual, unequivocal and reasonable." Hatcher v. Panama City Nursing Center, Inc., 461 So.2d 288 (Fla. 1st DCA 1985). In addition, where the contract provides for liquidated damages of a deposit, the court may not award damages in excess of that sum. Hall Constr. Co., Inc. v. Beynon, 507 So.2d 1225 (Fla. 5th DCA 1987); Brusko v. Circle of Seminole, Inc., 436 So.2d 399 (Fla. 2d DCA 1983).
Here, there is nothing to indicate that the agreement which was prepared and required by Monco was not "mutual, unequivocal and reasonable." Monco elected to keep the machine and the deposit. Under Monco's contract, it could at its option retain the machine and keep the amounts paid (the deposit here) as liquidated damages; however, it could not retain the machine, recover its damages and keep the deposit. Having elected to retain the machine and resell it, it cannot recover as damages an amount more than the deposit.
We also conclude that the award of attorney's fees in this case was error. While it is undisputed that Design Time breached its agreement, Monco sued for damages to which it was not entitled; therefore, it cannot recover attorney's fees. We find the remaining points to be without merit.
REVERSED.
COBB and SHARP, JJ., concur.