543 So.2d 1303 (1989)
TERRACES OF BOCA ASSOCIATES, a Florida General Partnership, Consisting of Bocadev Corp., Inc., Pointedev Inc., Galligo Realty, Inc., Bta Enterprises, Inc., P911, Inc., Hodu Acres, N.V. and Zembra Investments, N.V., Appellants,
v.
Ansel GLADSTEIN and Ruth R. Gladstein, His Wife, Appellees.
No. 87-1008.
District Court of Appeal of Florida, Fourth District.
May 31, 1989.
Mitchell T. McRae of McRae & Goerke, Boca Raton, for appellants.
Joel L. Roth of Siegel & Lipman, Boca Raton, for appellees-Gladstein.
GUNTHER, Judge.
Appellant/seller appeals an amended final judgment rendered in favor of appellees/buyers. We affirm in part and reverse in part.
Buyers contracted with seller to purchase a condominium. Thereafter, seller notified buyers that they were in default and that, pursuant to the terms of the purchase contract, the seller had elected to retain all of buyers' deposit.
Buyers responded by filing a complaint seeking a return of their deposit on the theory that the liquidated damages clause of the contract was unenforceable because it lacked mutuality. The trial court, on summary judgment, ruled that as a matter of law the contract was invalid, inequitable, and unenforceable inasmuch as it lacked mutuality.
In Cortes v. Adair, 494 So.2d 523 (Fla. 3d DCA 1986), the court examined a liquidated damages clause which gave the seller the right to choose between pursuing an action at law or electing to retain the deposit in a contract for the purchase of real property. The court held that the clause was unenforceable as a matter of law because it conferred upon the seller the unilateral benefit of choosing the avenue of relief following a breach. Cortes, 494 So.2d at 524.
In the instant case, the liquidated damage provision of the purchase contract is invalid because it provided seller with the option of retaining the deposit but did not preclude seller from pursuing equitable remedies or from bringing an action at law for actual damages. In contrast, the purchase contract expressly limited buyers to the exclusive remedy of terminating the contract and receiving their deposit back.
*1304 Since there is an unreasonable disparity in remedy alternatives available to seller and buyers, the trial court correctly ruled that the liquidated damages clause was unenforceable because it lacked mutuality of obligation. Therefore, the buyers are entitled to the return of their deposit.
However, we reverse the attorney's fee awarded to buyers. Although the trial court did not specify whether fees were awarded pursuant to section 718.125, Florida Statutes (1987), or section 57.105, Florida Statutes (1986), an award under either section would be incorrect in the instant case.
Since buyers were only potential purchasers of a condominium unit and not a unit owner for purposes of section 718.125, the trial court erred if it awarded fees under this section. Turnberry Towers Corp. v. Mechoulam, 425 So.2d 1180 (Fla. 3d DCA 1983). Furthermore, an award of attorney's fees under section 57.105 would also be error because there was not a complete lack of a justiciable issue before the trial court.
AFFIRMED IN PART AND REVERSED IN PART.
ANSTEAD and GLICKSTEIN, JJ., concur.