LETTS, Judge.
The question now before this court is whether the default provision in a real estate contract, calling for retention of the deposit by the seller, was enforceable as liquidated damages or was an unenforceable penalty clause. The trial court upheld the provision as one for liquidated damages. We affirm.
*1161 The default provision contained the following language:
DEFAULT:
1. DEFAULT BY BUYER: If buyer fails to perform the Contract within the time specified, the deposit(s) made or agreed to be made by Buyer may be retained or recovered by or for the account of Seller as liquidated damages, consideration for the execution of the Contract and in full settlement of any claims; whereupon all parties shall be relieved of all obligations under the Contract; or Seller, at his option, may proceed at law or in equity to enforce his rights under the Contract.
2. DEFAULT BY SELLER: If, for any reason other than failure of Seller to make title marketable after diligent effort, Seller fails, neglects or refuses to perform the Contract, all deposit(s) made by Buyer shall be returned upon demand; or Buyer, at his option, may proceed at law or in equity to enforce his rights under the Contract.
There is no question that the buyer defaulted and we find nothing offensive in the language quoted. In our view, it is enforceable under Hutchinson v. Tompkins, 259 So.2d 129 (Fla.1972); Hooper v. Breneman, 417 So.2d 315 (Fla. 5th DCA 1982); Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975). We might draw the opposite conclusion if the deposit amount forfeited was unconscionable. However, under the terms of the instant contract, only ten percent of the $385,000 purchase price was retained by the seller and one-half of that had to be paid to the real estate broker for his services. That is not to say that $38,500 is anything but a substantial sum. Yet, it is not unconscionable under the facts here presented.
The appellant cites us to Cortes v. Adair, 494 So.2d 523 (Fla. 3d DCA 1986), and, frankly, we are not sure what to make of that decision which never discusses or distinguishes Hutchinson, Hooper or Bruce Builders. Moreover, Cortes does not set forth what would happen under the contract, which it interpreted, if the seller defaulted. In any event, to the extent that it is in conflict with our conclusion in the case sub judice, we reject the rationale of Cortes. It is true that this court cited Cortes in the recent case of Terraces of Boca Associates v. Gladstein, 543 So.2d 1303 (Fla. 4th DCA 1989). However, the Terraces holding clearly was based on the “unreasonable disparity in remedy alternatives available to seller and buyers.” Id. at 1304. See also Ocean Dunes of Hutchinson Island Development Corp. v. Colangelo, 463 So.2d 437 (Fla. 4th DCA 1985). No such disparity is found in the purchase and sale agreement at bar.
AFFIRMED.
WARNER, J., and KANAREK, PAUL B., Associate Judge concur.