## PINETREE HOMES, INC. v MILLER
### Case No. CL 89-5057-AD
Fifteenth Judicial Circuit, Palm Beach County

April 24, 1990

### APPEARANCES OF COUNSEL

**Thomas E. Kingcade, Esquire,** for plaintiffs.
**Charles S. Bolz, Esquire,** for defendants.

### OPINION OF THE COURT

TIMOTHY P. POULTON, Circuit Judge.

### ORDER ON DEFENDANTS' MOTION

### *FOR JUDGMENT ON THE PLEADINGS*

My analysis of the applicable cases leads me to conclude that there are two important principles involved. Each is a separate principle, capable of producing important results.

The first principle is that if a given contract gives the seller the option of retaining deposit or other remedies, the option to retain deposit cannot be enforced.

The second principle is that if a contract gives certain remedies to seller, but gives purchaser only the remedy to have his deposit back, the law will engraft the right of specific performance upon the contract in favor of purchaser.

We will proceed to review, in outline form, the facts in our case and in the four recent Florida cases that have been argued by the parties.

In our case, the remedies are as follows:

Seller—

1) Keep the deposit as liquidated damages

2) Sue for actual damages

3) Specific performance.

Buyer—

1) Return of deposit

2) Specific performance.

In *Cortes v Adair,* 494 So 2d. 523 (Fla. 3d 1986), the court considers only the remedies of the seller. They are:

1) keep deposit

2) sue for damages

3) specific performance. The court holds that the liquidated damage portion of the contract is void and remands the case for trial. (See the very last word of the opinion). The essence of the decision is contained in the following passage:[1]

> "This default clause confers the unilateral benefit on the Careys of choosing the avenue of relief following a breach. They may proceed at law for actual damages or in equity for specific performance; or, most attractively, they may simply elect to keep the $10,000 deposit if that amount exceeds actual damages. Such an option is not enforceable as a matter of law."

---

[1] My old law school professor said that it is unfortunate that the word "unilateral" is used in so many different senses. I would have preferred that the court not use the word unilateral as it did. To so many, that suggests that one side has benefits and the other does not. I do not believe the word was used in that sense in this opinion. I believe that it was used in the sense that the seller can, on his own, select among a number of remedies.

We see that it was not important to compare seller's remedies with buyer's remedies. The problem was that the contract gives the seller an improper choice upon buyer's breach.

In *Jay Vee Realty Corp. v Jaymar Acres, Inc.,* 436 So.2d 1053 (Fla. 4th DCA 1983), the remedies were:

Seller's remedies—1) retain deposit.

Buyer's remedies—1) return of deposit and specific performance.

The court said that that contract did not lack mutuality. As we have seen, that contract does not contain the *Cortes* defect of giving the seller the option of choosing between keeping the deposit and other remedies.

In *Ocean Dunes of Hutchinson v Colangelow,* 463 So.2d 437 (Fla. 4th DCA 1985), the parties' rights upon default were as follows:

Seller's rights upon buyer's default:

1) retain deposit

2) sue for damages

3) specific performance.

Purchaser's rights — return of deposit.

The court holds that simply getting one's own money back is an illusory right and engrafts upon the contract the purchaser's right of specific performance. Plaintiff argues that the case controls ours because, with the remedy of specific performance engrafted upon the contract, the remedies of the two parties in our case are exactly the same as in *Ocean Dunes.* However, *Ocean Dunes* does not even consider the *Cortes* theory — that the seller just has an improper choice of options.

*Terraces of Boca Associates v Gladstein,* 543 So.2d 1303 (Fla. 4th DCA 1989) seems to approve of the *Cortes* decision. In *Terraces,* the remedies were:

Seller—

1) retain deposit

2) sue for damages

3) specific performance.

Purchaser—

1) return of deposit.

158

(As we have seen, *Ocean Dunes* in this situation

engrafts upon the contract purchaser's right to

specific performance).

Nevertheless, the court rules for purchaser in *Terraces.*

We hold that the *Cortes* theory controls in favor of purchaser. We believe that *Terraces* fails to recognize that under the *Cortes* theory one need look only at the seller's remedies. In any event, the result here is consistent with the *Terraces* decision.

Accordingly, it is ORDERED that defendants' motion is granted as to Count I. The plaintiff is not entitled to retain the deposit as liquidated damages.

The motion is denied as to Count II.

ORDERED at West Palm Beach, Palm Beach County, Florida, this — day of March, 1990.

---

## ORDER DENYING MOTION TO AMEND ORDER

### *GRANTING JUDGMENT ON THE PLEADINGS*

The pending Motion to Amend the Order Granting Motion for Judgment on the Pleadings is in substance a motion for rehearing. Defendants raised no procedural objections to the motion being considered on its merits. The motion relies upon *Lefemine v Baron,* 15 FLW D261, a Fourth District case issued after we entered the Order Granting Judgment on the Pleadings. It appears to be close on point factually, and in conflict with our order. *Lefemine* notes that it is in conflict with *Cortes,* a Third District Court decision. In an effort to resolve the matter, we referred to the Florida Supreme Court authorities cited in *Cortes* and *Lefemine. Lefemine* cites *Hutchinson v Tompkins,* 259 So.2d 129 (Fla. 1072). In *Hutchinson,* the court observes at page 130:

> "The contract contained a liquidated damages clause which provided that if the buyer failed to perform, the vendor could at his option elect to retain the $10,000 cash deposit held by the escrow agent."

The opinion does not tell us what the option is. *Cortes* relies upon a Florida Supreme Court case, *Pappas,* which in turn relies upon *Stenor, Inc. v Lester,* 58 So.2d 673. I believe that the discussion in *Stenor* at

**159**

page 676 is directly on point and, in my view, Florida Supreme Court authority supporting the *Cortes* result.[1]

An example helps me think the matter through. Let us say that the seller is a condominium developer who sells a condominium unit to purchaser for $100,000 with a $10,000 deposit liquidated damage provision and closing to be in three months. Buyer defaults. If the contract gives the seller the option to keep the deposit or sue for actual damages, he then assesses the market. If he finds that he has just sold a number of identical units for an average of $120,000, he sees that the market value of the unit in question is about $120,000, and he has sustained no actual damages. Even if the seller has some additional sales expenses and has paid some carrying costs because of holding the property off the market for three months, he realizes that because of the market increase he has not sustained actual damages. Thus, he opts to keep the "liquidated damages". Allowing him to exercise this judgment with the benefit of hindsight makes it clear that the "liquidated damages" have turned out to be a penalty. The Florida Supreme Court since 1952 has recognized this as an oppressive situation, contrary to public policy.

In our case, interrogatory answers by plaintiff show that plaintiff claims actual damages of $20,000. With the benefit of hindsight, plaintiff now opts to keep $80,000. We see this as a clear indication that to enforce the option is to penalize defendants $60,000.

For the reasons stated, the said Motion to Amend Order Granting Motion for Judgement on the Pleadings is denied.[2]

ORDERED at West Palm Beach, Palm Beach County, Florida, this 14th day of April, 1990.

---

[1] Neither the attorneys nor the court has been able to find authority concerning the obligation of the trial judge in a situation in which he, in good faith, believes that a recent District Court decision is inconsistent with an earlier Florida Supreme Court decision. It is thus with some concern that we enter this order.

[2] At oral argument on the motion to amend, defendant points out that the amount of the deposit is so great that it is unconscionable for it to be forfeited. This point, although adequately raised in the answer by the defendants, was not specified as a ground in the motion for judgment on the pleadings, nor was it previously argued. Hence, we do not now consider it as a basis for the entry of this order.