POLEN, Judge.
We affirm that part of the trial court’s order which grants preliminary injunctive relief against appellants for violation of Ross’ non-competition agreement with ap-pellee.
However, there is one issue upon which we must reverse, and that is raised by point 6 of appellants’ brief. Notwithstanding the contractual language which provides for the entry of injunctive relief in favor of appellee without the necessity of posting bond, we hold that it was error for the trial court to apply this clause without further consideration. It may be that the trial court did not have before it, or consider the possible implications of Parker Tampa Two v. Somerset Development Corp., 544 So.2d 1018 (Fla.1989). Parker stands for the proposition that if any damages incur to the party against whom an injunction is issued, where such injunction is later determined to have been wrongfully issued, the damages recoverable are limited to the amount of the bond, if any, required upon the issuance of the injunction. In the instant case, if it is later determined, upon a full hearing and the presentation of further evidence, that Champion’s injunction was wrongfully obtained, appellant would not be able to collect any damages, as there was no bond required. The record does not disclose whether the trial court considered the implications of the Parker case, and what effect, if any, that would have upon the application of the “no bond” clause of the non-competition agreement, as said agreement was entered some two years prior to the supreme court’s pronouncement in Parker. For that reason, we reverse and remand as to the issue of bond, for the trial court to further consider the enforceability of the no-bond clause.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
LETTS and DELL, JJ., concur.