637 So.2d 292 (1994)
SPENCER PEST CONTROL COMPANY OF FLORIDA, INC., Appellant,
v.
Lewis E. SMITH, Appellee.
No. 93-2368.
District Court of Appeal of Florida, Fifth District.
April 29, 1994.
Rehearing Denied June 8, 1994.
Vincent G. Torpy, Jr., Frese, Nash & Torpy, P.A., Melbourne, for appellant.
Timothy R. Askew, Jr., Sanford, for appellee.
HARRIS, Chief Judge.
Spencer Pest Control Company sued for a temporary (and permanent) injunction to restrain Lewis E. Smith, its former manager, from violating a noncompete agreement when Smith resigned from Spencer and accepted employment as a pest control technician with a competing company. The trial court found that there had been no showing of irreparable injury and denied the temporary injunction. We affirm.
Section 542.33(1), Florida Statutes (1993) makes all contracts which restrain one from exercising a lawful profession, trade or business void unless such restraint is expressly permitted by section 542.33(2) or section 542.33(3). See Jewett Orthopaedic Clinic v. White, P.A., 629 So.2d 922 (Fla. 5th DCA 1993).
Section 542.33(3) is inapplicable because it relates only to partners. Section 542.33(2) permits an employee to contract "to refrain from carrying on or engaging in a similar business ... within a reasonably limited time and area." Even assuming that becoming a mere employee (as opposed to a stockholder, manager or supervisor) of a competing company fits under the legislative intent of "carrying on or engaging in a similar business," enforcement by injunction of even a valid restraint agreement is expressly limited to those situations in which there is a "showing of irreparable injury." Section 542.33(2)(a), Florida Statutes (1993).
Although courts often will accept a stipulation in lieu of proof, it is not proof. And while a stipulation might be construed as the employee's waiver of the employer's statutory obligation to show irreparable injury, it is not itself a showing of irreparable injury. It is probable that an employer who has the economic leverage to require a noncompete agreement can also require a stipulation of irreparable injury. Because the legislature created a strong public policy against restraint of trade agreements except under a very limited set of circumstances, we *293 find that its requirement of a showing of irreparable injury cannot be stipulated away by an employee. The parties may not contract in violation of public policy.
AFFIRMED.
GOSHORN, J., concurs.
COBB, J., dissents, with opinion.
COBB, Judge, dissenting.
The issue here is whether the trial judge erred in denying a motion for temporary injunction for violation of a noncompete agreement because the applicant therefor failed to show irreparable injury.
Spencer Pest Control, Inc. provides commercial and residential termite control and lawn care. It holds itself out as locally owned and operated and encourages its employees to become a part of the community. It pays for memberships in community organizations and advertises the names of its managerial employees in local newspapers.
Lewis Smith was employed by Spencer in 1975 with no prior experience in pest control. The company fully trained him, and in the mid-1980's he became manager of the Sanford location. Smith was responsible for marketing Spencer Pest Control and for obtaining new business. Spencer expended funds to promote Smith in the community, paid for Smith to attend the Dale Carnegie class, and Smith's name became synonymous with Spencer Pest Control in the Sanford market. He was familiar with and responsible for virtually every facet of Spencer's business in Sanford, including its customer base. In addition to his position as manager of Spencer's Sanford location, Smith also owned five percent of the issued and outstanding shares of stock in Spencer Pest Control.
In June, 1991, during his employment with Spencer, Smith executed an employment agreement containing a covenant not to compete which provided as follows:
The Employee hereby expressly covenants and agrees that he/she will not, during the term of his/her employment and for a period of two (2) years immediately following termination, for any reason whatsoever, directly or indirectly, for himself/herself or on behalf of, or in conjunction with, any Competing Business:
(a) Call upon any customer or customers of the Company for the purpose of diverting, soliciting, servicing or selling any pest control, exterminating, fumigating, lawn care of termite control services for the eradication or control of any insects, rodents and birds, within the Area;
(b) Directly or indirectly, alone or in any capacity, solicit or in any manner attempt to solicit or induce any person or persons employed by the Company to leave such employment;
(c) Divert, solicit, service, or take away any customer or customers of the Company for the purpose of selling a service for eradication or control of any insect, rodent or bird, within the Area;
(d) Engage, either directly or indirectly, in the pest control, exterminating, lawn care, fumigating or termite control business or allow his/her license to be used by any Competing Business, other than the Company, anywhere within the Area.
The "Area" was defined as "the area circumscribed by line drawn at a radius of 50 miles from the Office and shall include, without limitation, any towns, cities, jurisdictions or territories in which the company does its business from the office." The employment contract also contained a provision that in the event of a breach, or threatened breach, of the provisions of the agreement by either party, the non-breaching party would be entitled to an injunction, without bond, to restrain the breaching party from continuing the improper conduct.
On July 6, 1993, after having worked for Spencer for 18 years, Smith resigned. He testified that this action resulted from the fact that Spencer had transferred him to Vero Beach and he regarded the move as a demotion, although salary was never discussed with him. Upon his resignation, Smith surrendered his shares of the company's stock. About ten days later, he took a job with Jim Rowe Pest Control, one of Spencer's competitors, as a pest control technician working in the proscribed area. Smith receives a salary, and his job with *294 Rowe is simply to spray for insects. However, he is encouraged to obtain new customers, and he receives a commission on anything he sells.
On July 23, 1993, Spencer filed a complaint against Smith seeking, among other things, enforcement of the covenant not to compete via a temporary injunction. After hearing evidence of the facts set forth above, the trial court denied the motion for temporary injunction based upon the court's finding that there had been no showing of irreparable injury pursuant to section 542.33(1), Florida Statutes (1993). This appeal ensued.
Prior to its 1990 amendment, section 542.33 simply stated that a covenant not to compete could be, in the discretion of the court, enforced by injunction. Of course, it has long been recognized that before injunctive relief can be granted a movant must show irreparable injury. Langford v. Rotech Oxygen & Medical Equipment, Inc., 541 So.2d 1267 (Fla. 5th DCA 1989). In the case of covenants not to compete, however, a judicially created presumption of irreparable injury upon breach evolved. The only requirement to obtain an injunction in those types of cases was proof of a valid covenant not to compete and a breach. See Capraro v. Lanier Business Products, Inc., 466 So.2d 212 (Fla. 1985). The reason for the presumption of irreparable injury was the recognition that monetary damages are difficult to prove with any certainty and that, even if provable, would not adequately compensate for all aspects of the violation of a covenant not to compete. Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133 (Fla. 4th DCA 1981). Moreover, "the delay inherent in the need to prove harm would eviscerate the injunctive remedy." Jewett Orthopaedic Clinc v. White, 629 So.2d 922 (Fla. 5th DCA 1993).
In 1990, the Legislature amended section 542.33 to read as follows:
542.33 Contracts in restraint of trade valid. 
(2)(a) One who sells the goodwill of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent, independent contractor, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old time and area, so long as the buyer or any person deriving title to the goodwill from him, and so long as such employer, continues to carry on a like business, therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction. However, the court shall not enter an injunction contrary to the public health, safety, or welfare or in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined. In the event the seller of the goodwill of a business, or a shareholder selling or otherwise disposing of all his shares in a corporation breaches an agreement to refrain from carrying on or engaging in a similar business, irreparable injury shall be presumed. (Emphasis added).
In the amended statute, the Legislature eliminated the judicial presumption by requiring a showing of irreparable injury before an injunction could be entered. Jewett at 925. As we said in Jewett:
The 1990 amendment takes away from the employer the evidentiary presumption of "injury" authorized by the Capraro court. Now an employer must offer some evidence of injury as a predicate to an injunction.
Certain facts would still give rise to a presumption, but irreparable injury was no longer automatic upon a showing of a covenant not to compete and a breach of same.
In the instant case, the trial court denied injunctive relief based upon the fact there had been no showing of irreparable injury pursuant to the amended statute. Spencer maintains, however, that no showing was required because Smith stipulated in the contract that a violation of the employment agreement would result in irreparable damage to the employer. Smith responds, without *295 citation to any authority, that the stipulation could not be binding on any court and that, in any event, it is inapplicable on these facts.
The contractual provision upon which Spencer relies provides:
[T]he Employee will gain, or has gained, knowledge of the business, affairs, methods and customers of the Company, will be, or has been, trained at the expense of the Company in the sale of the Company's services through the use of techniques, systems, forms and methods used and devised by the Company, will have, or has, access to lists of the Company's customers in the Area and their needs, and will, or has, become personally known to and acquainted with the Company's customers in the Area thereby establishing a personal relationship with such customers for the benefit of the Company; and The Company would sustain great loss and irreparable damage if the Employee should, either directly or indirectly, use or employ any such knowledge in competition with the Company, either on his own behalf or in the service of others ...

As previously noted, the contract also provides that, in the event of a breach, the non-breaching party shall be entitled to an injunction.
It seems to me that the written stipulation of the parties is a binding waiver of the statutory requirement of proof of irreparable injury, particularly in view of the fact that the agreement between these parties was entered subsequent to the amendment of the statute. When parties to a contract have agreed to the consequences of a breach, their agreement should control provided the remedy is reasonable. Design Time, Inc. v. Monco of Orlando, Inc., 518 So.2d 454 (Fla. 5th DCA), rev. denied, 525 So.2d 879 (Fla. 1988); see also Vista Centre Venture v. Unlike Anything, Inc., 603 So.2d 576 (Fla. 5th DCA 1992). Given the fact that prior to the 1990 amendment, courts routinely presumed irreparable injury, a provision wherein the parties stipulate that injury results from breach is not unreasonable.
Accordingly, I would reverse the trial court's denial of the temporary injunction.