NORTHCUTT, Judge.
John Adcock Insurance Agency, Inc., sued its former employee, Walter Diaz, to enforce a non-compete agreement. At Adcock’s instance the circuit court temporarily enjoined Diaz’s contacts and dealings with Adcock’s customers. Diaz has appealed the temporary injunction on four grounds. We have considered his three challenges to the merits of the injunction, and we reject them without further comment. We also disagree with Diaz’s contention that the circuit court should have conditioned the injunction on the posting of a bond, but the issue merits discussion.
Diaz’s January 1996 employment agreement with Adcock contained a non-compete clause, effective during Diaz’s employment and for two years after termination. Among other things, the agreement provided that in the event of Diaz’s breach or threatened breach of the non-compete provision Adcock would be entitled to preliminary and final injunctions enjoining such breach, without bond or other security.
Adcock terminated Diaz’s employment in February 1998. About a month later Adcock sued for injunctive relief, alleging Diaz’s breach of the non-compete provision. Ad-cock also moved for a temporary injunction, which the circuit court granted after an evi-dentiary hearing. Guided by the contract provision entitling Adcock to an injunction without posting a bond, the circuit court declined to require one.
Florida Rule of Civil Procedure 1.610(b) provides that “[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.” Generally, the bond requirement is mandatory. See Bellach v. Huggs of Naples, Inc., 704 So.2d 679, 680 (Fla. 2d DCA 1997); Wasserman v. Gulf Health, Inc., 512 So.2d 234 (Fla. 2d DCA 1987). The question posed in this case is whether the requirement may be waived by contract.
We have found no authority addressing this issue directly. In Ross v. Champion Computer Corp., 582 So.2d 152 (Fla. 4th DCA 1991), the Fourth District affirmed the issuance of a preliminary injunction enforcing a non-compete agreement, but held it error to apply a contract provision waiving a bond without considering the implications of Parker Tampa Two v. Somerset Development Corp., 544 So.2d 1018 (Fla.1989). In that case the Florida Supreme Court ruled that recovery for damages suffered as a result of a wrongful injunction was limited to the amount of the bond posted as a condition of the injunction. Notably, the Ross court did not hold that the bond requirement could not be waived. Rather, the court observed that its record did not disclose whether the trial court had considered Parker and what effect, if any, it had on the application of the agreement’s bond waiver clause, “as said agreement was entered some two years prior to the supreme court’s pronouncements in Parker.” It remanded for further consideration of the enforceability of the clause in light of Parker. Ross, 582 So.2d at 152. Ross offers no guidance here, because Diaz and Adcock contracted approximately seven years after Parker was announced.
Neither is this dispute controlled by the reasoning in Spencer Pest Control Co. of Florida, Inc. v. Smith, 637 So.2d 292, 292-293 (Fla. 5th DCA 1994), in which the Fifth District held that an employee cannot stipulate away the statutory requirement that an employer must prove an irreparable injury in order to obtain an injunction enforcing a non-compete agreement. That ruling was premised on the strong public policy against agreements in restraint of trade except under the very limited circumstances permitted by statute. Section 542.33(2)(a), Florida Statutes (1993), expressly provided that injunctions to enforce such agreements could be obtained only upon a showing of irreparable injury. Therefore, the court reasoned, any attempt to waive that requirement violated the public policy against restraints of trade, and was void. Smith, 637 So.2d at 292-293.
Unlike Smith, the instant case did not involve a statutory prerequisite to enforce *467 ment of a specific type of contract which, but for strict compliance with the statute, would violate public policy. Rather, the bond requirement was contained in a rule of procedure applicable to temporary injunctions generally. As such, we discern no public policy reasons for refusing to honor the parties’ agreement to waive it.
That said, we emphasize two things. First, after the parties entered into the agreement at issue here, the Legislature enacted section 542.335, Florida Statutes (Supp. 1996). In subsection (l)(j) that statute declares that “[n]o temporary injunction shall be entered unless the person seeking enforcement of a restrictive covenant gives a proper bond, and the court shall not enforce any contractual provision waiving the requirement of an injunction bond or limiting the amount of such bond.” The new statute is not applicable to this case, however, because subsection (3) provides that “[tjhis act shall apply prospectively, and it shall not apply in actions determining the enforceability of restrictive covenants entered into before July 1,1996.”
Second, today we decide only that the circuit court correctly enforced a pre-July 1, 1996 contract provision waiving the requirement that a movant post a bond in order to obtain a temporary injunction. We have not determined whether, in light of Parker, such would affect an enjoined party’s right to recover damages if the injunction is found to have been wrongful. See Provident Management Corp. v. City of Treasure Island, 718 So.2d 738 (Fla.1998) (holding that Parker analysis is inapplicable where no bond whatsoever is posted by a municipality, as permitted under rule 1.610(b)).
Affirmed.
CAMPBELL, A.C.J., and GREEN, J., Concur.